OPINION of the Court, by
Judge Owsley..
This is an appeal from a decree of the court below pronounced in favor of Lewis in a suit brought by him in that cotu-t against the appellant.
The decree is objected to exclusively on the grounds that the subject of contest is properly cognizable in a court of law, and not in equity. As relief was sought upon an express contract for the sale of merchandize, unless a court of chancery can take cognizance of the cause for the purpose of compelling a discovery from the *324 appellant, it is perfectly clear the appellee should be left to pursue his remedy at law.
Assuming as true the allegations of the appellant's bill, so far from showing any necessity for a discovery from the appellant, they incontestably prove the appel-lee might have been relieved in an action at law : for it is expressly alleged, tiie appellant for the purpose of securing the payment of the amount of merchandize which he is charged to have purchased from the appellee, delivered an obligation which had been previously executed by him and his brother John M’Creery to the appellee anda certain William¡ Rogers; and although the contract for which that obligation was first executed, by the mutual consent of the parties, was cancelled before the contract between the present parties was entered into, yet it is plain that a subsequent delivery of the obligation by the appellant, for the purpose of securing the appellee’s demand, gave it an effectual obligatory force against him. The circumstance of John M’Creery not having delivered the obligation also, cannot affect the case : for although it may not be binding upon him, that cannot alter the liability of the appellee or prevent an action from being maintained against him.
If then we are correct in supposing that from the allegations of the bill the obligation alluded to is binding upon the appellant, it inevitably results that no discovery was necessary to enable the appellee to recover at law : for as the obligation is admitted to be for a sum sufficiently large to cover the demand, when (as is alleged to be the case) it is also admitted to be obligatory on the appellant, without the discovery of any other fact, a remedy perfectly plain and ample is afforded the appel-lee. Indeed so far from a discovery of the amount being necessary on the part of the appellee, if no other evidence was attainable, it might be essential for the appellant to seek such a discovery for the purpose of preventing a recovery against him to the full amount of the obligation.
As from the allegations of the bill, therefore, it was obviously unnecessary to obtain a discovery from the appellant, the court below should not for that cause, although a discovery was charged to be necessary, have entertained jurisdiction.
The decree must consequently be reversed, the cause remanded and the bill dismissed, because the matter in *325 contest is exclusively cognizable at law. The appellant must recover his costs in this court.